UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-03140-HDV-KES | Date | June 9, 2026 |
|---|---|---|---|
| Title | *Jorge Santiago Alvarez v. Warden et al* | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

Petitioner Jorge Santiago Alvarez, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") [Dkt. 1] and an Application for Temporary Restraining Order ("TRO Application") [Dkt. 2] on June 8, 2026.

Petitioner is a native and citizen of Cuba. Petition at 2, 13, Ex. B1. He was ordered removed in June 2024, and was taken into immigration custody at Adelanto in September 2025. Petition at 1, 5, Ex. A2. But then he was removed to Mexico. Petition at 2, 7, 11–15, Exs. A3–4.

Petitioner challenges his removal to Mexico as unlawful under the statutory framework for designating countries of removal, 8 U.S.C. § 1231(b)(2). He seeks a declaration that his removal was contrary to law, an order to correct administrative records, and, through the TRO Application, "a narrowly tailored injunction prohibiting Respondents from relying upon, enforcing, or treating Petitioner's removal as lawfully executed pursuant to 8 U.S.C. § 1231(b)(2)." Petition at 16; TRO Application at 12.

A temporary restraining order, as a form of preliminary injunctive relief, is an "extraordinary and drastic remedy," and Petitioner must make a "clear showing" that he is entitled to such a remedy. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). The propriety of this remedy hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). In general, the showing required for a

temporary restraining order and a preliminary injunction is the same: Petitioner must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent preliminary injunctive relief, (3) the balance of equities tips in his favor, and (4) preliminary injunctive relief is in the public interest. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024).

Petitioner has not met this standard. As to the likelihood of success on the merits, Petitioner alleges that he is not detained and is not located within this district. The Court accordingly has serious doubts about its habeas jurisdiction over this case. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

Further, it is not clear what irreparable harm Petitioner seeks to avoid via his requested TRO. He argues that he will suffer "irreparable harm in the form of continued legal prejudice resulting from the Government's reliance upon an execution of removal carried out to contrary to . . . 8 U.S.C. § 1231(b)(2)." TRO Application at 15. But this general statement does not detail what specific, concrete, serious harm he fears, or how it is imminent. To the extent that he argues that he has suffered procedural harm, TRO Application at 16, that harm is in the past, and Petitioner's requested TRO would not avoid it.

The TRO Application is therefore **denied**. The remainder of this case is referred to the assigned United States Magistrate Judge.


**IT IS SO ORDERED.**